OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
*954 For the reasons stated in part II of the opinion of Justice Stewart F. Hancock, Jr., the filing of the complaint and issuance of the arrest warrant in Federal court did not trigger the indelible right to counsel under New York law. The assistance of counsel becomes indispensable when a criminal action is commenced by the State against the defendant, for at that point the defendant “cannot make any arrangement with the police which is not subject to the ultimate approval of the court and there ought be no necessity for further police investigation.” (People v Settles, 46 NY2d 154, 163; see also, People v Samuels, 49 NY2d 218.) That stage was not reached here until after the termination of Federal proceedings and after defendant’s confession. Moreover there is no indication in this record that the Federal arrest was intended or employed by State Police as a device for circumventing defendant’s State right to counsel. The finding of the courts below as to the voluntariness of both defendant’s waiver of her Miranda rights and her confession is supported by the record and therefore cannot be disturbed by this court (see, People v Johnson, 40 NY2d 882, affg 49 AD2d 663). Finally, as to the Bruton issue, there is no error because the two confessions were so similar that no measurable prejudice resulted (see, People v Safian, 46 NY2d 181, cert denied sub nom. Miner v New York, 443 US 912).
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur.
Order affirmed in a memorandum.