■ The People of the State of New York, Respondent, v Stephen F. Danaher, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered November 4, 1983, upon a verdict convict-

ing defendant of the crime of attempted burglary in the third degree.

Defendant was indicted and charged with third degree burglary based on an incident of August 7, 1981 where he was seen by police exiting a residence in the City of Watervliet through a rear window. The trial was scheduled for November 1981 and, when defendant failed to appear, he was tried *in absentia* and found guilty as charged. On appeal, this court reversed on the ground that the trial was improperly conducted *in absentia* (96 AD2d 607). A second trial was promptly held and defendant was convicted of attempted burglary in the third degree. Defendant was sentenced as a second felony offender to an indeterminate term of imprisonment of 2 to 4 years. This appeal ensued.

Defendant contends that the People failed to establish the intent element of burglary inasmuch as he offered proof that he was intoxicated at the time in question. Defendant testified that he was intoxicated at the time he was arrested. Intoxication is a fact which may be considered by the jury to negate an element of the crime charged (Penal Law § 15.25). Whether defendant was so intoxicated as to be unable to form the requisite intent presented issues of fact and credibility for the jury to resolve *(see, People v Shapiro,* 96 AD2d 626, 627). The jury simply chose to resolve this matter in the People's favor.

We reject defendant's contention that certain oral and written statements were taken in violation of his constitutional rights because he refused to execute a written waiver of his rights. It is clear that defendant was given his *Miranda* rights and that he affirmatively chose to waive those rights and talk to the police. The mere refusal by defendant to sign a written waiver does not, as a matter of law, preclude a finding of a waiver *(see, North Carolina v Butler,* 441 US 369, 374; *People v Davis,* 55 NY2d 731, 733; *People v Ridgeway,* 101 AD2d 555, 562, *affd* 64 NY2d 952). Based on the circumstances present herein, we conclude that defendant did effectively waive his rights such that the oral and written statements were admissible.

Next, defendant claims that he was denied the effective assistance of counsel by virtue of the fact that his new attorney for the second trial only met with him once prior to trial and, on the day of trial, was denied a brief adjournment. An application for an adjournment rests within the sound discretion of the trial court *(Matter of Anthony M.,* 63 NY2d 270, 283; *People v Singleton,* 41 NY2d 402, 406). However, it

has been held that the refusal to grant a brief adjournment where a fundamental right of a defendant is involved can be an abuse of discretion *(People v Spears,* 64 NY2d 698, 700). Here, it appears that defense counsel was not notified of the start of the trial until the morning of the day of trial. He appeared and asked for a three- or four-day adjournment, which request was denied. It also appears from the record that the case had been marked ready for trial at least a week prior to the trial date. Further, the case had been called about three weeks prior to the trial date, at which time the trial court granted defense counsel an adjournment to obtain and review the papers filed on the previous appeal. Thus, it cannot be said that the defense did not have adequate time to prepare. Moreover, while a brief adjournment for the purpose of obtaining a material witness should normally be granted *(People v Singleton, supra),* the defense attorney should support the application by naming the witness, describing the purpose of his testimony and stating why he is not able to appear and when he will be available. Here, defense counsel simply referred to defendant's father and some unnamed "medical personnel". The father was eventually called and the medical personnel were not identified, nor was their potential testimony described. In these circumstances, we cannot say that the trial court abused its discretion in denying the requested adjournment. Also, we find that defendant did have effective representation. His only possible theory, i.e., that intoxication precluded any intent, was fully presented and explored.

Lastly, we reject defendant's contention that the sentence was excessive. Considering all of the factors, particularly defendant's criminal record, we find that the sentence imposed was appropriate.

Judgment affirmed. Mahoney, P. J., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.