■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID B. Ross, Appellant.—

On December 16, 1983, and on February 5, 1984, two burglaries occurred in Shirley and Manorville, respectively. On February 17, 1984, the police invited the defendant to the police station on the pretext that he would be able to retrieve his car which had been previously impounded. At the police station the defendant was arrested in connection with the burglaries. He was then transported to another precinct where he was interrogated. After his codefendant told him that he had already confessed and implicated the defendant, the defendant made certain inculpatory statements.

The defendant failed to raise his claim that he had been deprived of his right to counsel at the suppression hearing and an insufficient factual record was developed for such claim to be reviewed on appeal *(see, People v Rosa,* 65 NY2d 380; *People v Williams,* 146 AD2d 724). No evidence was adduced to show that the detective who took the defendant's statements knew or should have known of the defendant's recent prior arrests *(see, People v Bertolo,* 65 NY2d 111).

We find that the hearing court did not err in refusing to suppress the defendant's statements. The hearing testimony established that the defendant was advised of his constitutional rights and that he knowingly and intelligently waived

such rights. The defendant effectively waived his right to remain silent by orally agreeing to talk to the police even though he refused to sign a written waiver *(see, People v Ridgeway,* 101 AD2d 555, *affd* 64 NY2d 952). Moreover, confronting the defendant with evidence of his guilt did not render his statements involuntary *(see, People v James,* 146 AD2d 712). Based upon the totality of the circumstances, we find that the inculpatory statements were properly admitted into evidence *(see, People v Madison,* 135 AD2d 655, *affd* 73 NY2d 810).

Finally, the defendant's arrest at police headquarters, following a calculated police ruse, was not the functional equivalent of an arrest inside the home *(see, People v Roe,* 136 AD2d 140, *affd* 73 NY2d 1004). Thompson, J. P., Lawrence, Kunzeman and Balletta, JJ., concur.