■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE DELAROSA, Appellant.—Judgment of the Supreme Court, New York County (Juanita Bing Newton, J.), rendered April 17, 1989, convicting defendant after a jury trial of burglary in the second degree, attempted rape in the first degree, sexual abuse in the first degree, assault in the second degree, and criminal possession of a controlled substance in the seventh degree, for which defendant was sentenced to concurrent terms of five to fifteen years, five to fifteen years, two and a third to seven years, two and a third to seven years, and one year, respectively, unanimously affirmed.

Defendant was convicted for forcing his way into the apartment of his estranged wife, beating her, attempting to rape her, and beating a female friend of his wife's over the head with a hammer. During the incident, the wife persistently asked the friend to call police. A neighbor, who had seen defendant prowling around outside with a flashlight, and who saw defendant beat the wife's friend in the hallway, summoned the police. Responding police observed the wife crying hysterically, and a bloody lump on the head of the female friend. A hammer was found on the floor, and cocaine was recovered from defendant as he attempted to discard it. Medical evidence corroborated testimony concerning the assaults. Defendant's testimony sought to establish that his wife had permitted him entry, that they had conversed as man and wife, and that she had finally consented to his sexual advances. Defendant claimed that when they subsequently got into an argument, her friend responded with a hammer, and that defendant accidentally hit her on the head as he tried to disarm her.

Viewing the evidence in a light most favorable to the People *(People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932) and giving due deference to the jury's findings of credibility *(People v Bleakley,* 69 NY2d 490, 495), defendant's guilt was proved beyond a reasonable doubt as to each charge, by

overwhelming evidence. The injuries suffered by the friend exceeded the petty slaps, shoves, and kicks addressed in *Matter of Philip A.* (49 NY2d 198, 200) and we defer to the jury's conclusions *(People v Rojas,* 61 NY2d 726, 727) that the evidence was sufficient to establish impairment of a physical condition or substantial pain *(see, e.g., People v Ruttenbur,* 112 AD2d 13). Defendant's challenges to the prosecutor's summation are, for the most part, unpreserved for review and we decline to review in the interest of justice.

Nor do we find error with the court's supplemental instruction on burglary in the second degree, in response to a jury note, that "if the defendant remained unlawfully * * * and while so unlawfully and knowingly remained in the dwelling he had the intent to commit a crime, he can be found guilty of burglary in the second degree." Penal Law § 140.25 countenances a charge of burglary arising not only out of illegal entry, but also out of illegal remaining *(People v Gaines,* 74 NY2d 358, 363) when the defendant forms the intent to commit a crime which is contemporaneous with the intent to remain unlawfully. Even if defendant's argument is credited that he was permitted entry, which the jury was free to reject, the evidence makes clear that the victim unequivocally withdrew any license to remain *(see, People v Powell,* 58 NY2d 1009).

Finally, we find no abuse of discretion in the imposition of sentence. Concur—Milonas, J. P., Ross, Kassal, Smith and Rubin, JJ.