■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE MONTAGUE, Appellant.—Judgment, Supreme Court, Bronx County (Lawrence Tonetti, J.), rendered September 26, 1991, convicting defendant, upon his plea of guilty, of manslaughter in the first degree, and sentencing him to an indeterminate sentence of 4 to 12 years imprisonment, unanimously affirmed. The matter is remitted to the Supreme Court for further proceedings pursuant to CPL 460.50 (5).

After a shooting in the Bronx, police were given a slip of paper by an eyewitness, who wished to remain anonymous, which contained the make and license plate number of the automobile of the perpetrator. On the following day, a police officer acting on the basis of this information, as well as his observation of an apparent bullet hole in the trunk lid of the vehicle, detained defendant who, consented to having a photograph taken of him. The automobile was vouchered and defendant was released. Shortly thereafter, another eyewitness selected defendant's photo from an array, and identified the vehicle in question, from among several cars, in the police parking lot.

New York continues to apply the *Aguilar-Spinelli* test for evaluating an informant's tip and assessing the existence of probable cause *(People v Cruz,* 149 AD2d 151, 157; *see, Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410). The information was provided by an eyewitness, and was unchallenged by defendant. Further, since the information communicated to the police was "so detailed as to make it clear that it must have been based on personal observation" *(People v Elwell,* 50 NY2d 231, 241), there was good reason to credit the reliability of that information *(People v Johnson,* 66 NY2d 398, 402-403; *see also, People v Howard,* 162 AD2d 408, *lv denied* 76 NY2d 1021). Defendant has failed to develop any record with respect to the recovery of a bullet from the car, and accordingly has waived any challenge to the delayed warrantless search *(People v Charleston,* 54 NY2d 622; *see also, California v Acevedo,* 500 US —, 114 L Ed 2d 619).

Defendant's contention that his right to counsel had attached prior to his statements is likewise without merit. We find no basis to conclude that the police either knew or should have known that defendant was represented by counsel in this matter prior to the questioning which resulted in his statement *(People v Byrne,* 47 NY2d 117). Concur—Milonas, J. P, Ellerin, Ross, Asch and Kassal, JJ.