■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE PARKER, Appellant. [604 NYS2d 749] —Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Thorp, J.), rendered December 4, 1991, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence adduced at trial was legally insufficient to support his conviction is not preserved for appellate review (see, CPL 470.05 [2]; People v Udzinski, 146 AD2d 245). In any event, viewing the evidence in a light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see, People v DeAndressi, 146 AD2d 642). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The hearing court did not err in denying the defendant's motion to suppress certain incriminating statements because the "totality of the circumstances" indicated that the defen-

dant knowingly, voluntarily, and effectively waived his right to remain silent by orally agreeing to talk, even though he refused to sign a written waiver *(see, People v Ridgeway,* 101 AD2d 555, 562, *affd* 64 NY2d 952; *People v Ross,* 158 AD2d 560, 561).

The trial court did not improvidently exercise its discretion in restricting cross-examination of a People's witness *(see, People v Thomas,* 46 NY2d 100, 105; *People v Ashner,* 190 AD2d 238).

Further, the defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Bracken, J. P., Balletta, Eiber and Copertino, JJ., concur.