■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DaCOSTA, Appellant. [607 NYS2d 933] —Judgment, Supreme Court, Bronx County (Ivan Warner, J.), rendered January 12, 1993, convicting defendant, after a jury trial, of one count of rape in the first degree, two counts of sexual abuse in the first degree, and one count of grand larceny in the fourth degree, and sentencing him to concurrent terms of 5 to 15 years, 2 to 6 years, 2 to 6 years, and 1 year, respectively, unanimously affirmed.

Viewing the evidence in the light most favorable to the People and recognizing that credibility is for the trier of facts *(People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932), we find that the evidence was legally sufficient, and that the verdict was not against the weight of the evidence *(People v Bleakley,* 69 NY2d 490).

The People established beyond a reasonable doubt that defendant's statement was voluntary even though defendant refused to sign a *Miranda* warnings card *(People v Danaher,* 115 AD2d 905, 906). Defendant failed to preserve his claim that the summary of his statement, which was composed by the detective and unsigned by defendant, was inadmissible, and we decline to review in the interest of justice. Were we to review, we would find it without merit because there was evidence that the statement was read to defendant, who orally acknowledged its accuracy *(see, People v Lee,* 159 AD2d 238, *lv denied* 76 NY2d 791).

The court did not abuse its discretion in excluding testi-

mony that the complainant had made threats to defendant's common-law wife in the year preceding the incident. This testimony, although offered as evidence of such bias by the complainant toward defendant, was remote, and the jury already had before it ample, and more direct, evidence of bias (see, People v Brooks, 131 NY 321, 326-327).

Finally, the claim of right defense (Penal Law § 155.15 [1]) had no applicability to the larceny charge in this case. Concur —Sullivan, J. P., Ellerin, Asch and Tom, JJ.