■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JONES, Appellant. [686 NYS2d 320] —Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (McGann, J.), rendered May 28, 1996, under Indictment No. 4811/94, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to concurrent indeterminate terms of 25 years to life imprisonment on the conviction of murder in the second degree and 5 to 15 years imprisonment on the conviction of criminal possession of a weapon in the second degree, and (2) a judgment of the same court (Thomas, J.), rendered August 7, 1996, under Indictment No. 1248/96, convicting him of attempted escape in the first degree and assault in the second degree (four counts), upon his plea of guilty, and sentencing him to three years imprisonment on each count of assault in the second degree and 1½ to 3 years imprisonment on the conviction of attempted escape in the first degree, to run concurrently with one another but consecutively to the sentences imposed under Indictment No. 4811/94.

Ordered that the judgments are modified, as a matter of discretion in the interest of justice, by making all the sentences run concurrently with one another; as so modified, the judgments are affirmed.

The defendant's claim that the jury's verdict was not based on legally sufficient evidence is not preserved for appellate review (*see,* CPL 470.05 [2]; *People v Howard,* 162 AD2d 408). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt

beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's sentences were excessive to the extent indicated herein (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Bracken, Joy and Krausman, JJ., concur.