■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELLIOT ROBINSON, Appellant. [731 NYS2d 709] —Judgment, Supreme Court, New York County (George Daniels, J., at suppression hearing; Micki Scherer, J., at plea and sentence), rendered April 12, 2000, convicting defendant of attempted murder in the second degree, and sentencing him, as a second felony offender, to a term of eight years, unanimously affirmed.

Defendant's motion to suppress statements and identification testimony was properly denied in all respects. At the outset, we note that there is nothing in the record that any evidence acquired was the product of undue delay in arraignment (see, People v Nadal, 273 AD2d 26, lv denied 95 NY2d 937).

The People established beyond a reasonable doubt that defendant's statement to the police was voluntary even though defendant ultimately refused to sign a Miranda warnings card (see, People v DaCosta, 201 AD2d 402, lv denied 83 NY2d 871). The hearing testimony established that after being read his rights and acknowledging that he understood each right, defendant expressly agreed to answer questions.

Upon our review of the lineup photographs, we agree with the hearing court's finding that given the overall resemblance between defendant and the fillers, the fact that defendant was the only person with greying hair did not call attention to defendant and did not render the lineup unduly suggestive (see, People v Chipp, 75 NY2d 327, 335, cert denied 498 US 833). Defendant's claim that the lineup procedure was tainted because prior to entering the viewing room the complainant allegedly viewed a wanted poster containing defendant's picture is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that it is not supported by the record, which clearly establishes that no such wanted poster was displayed in any part of the police station to which the complainant had access.

Defendant's claim that his plea was coerced is unpreserved for appellate review because he did not move to withdraw the plea or to vacate the judgment of conviction and we decline to review it in the interest of justice. Were we to review this claim, we would find that the record establishes that defendant entered a knowing, intelligent and voluntary guilty plea in exchange for a favorable sentence. There was nothing coercive about the court's discussion of the permissible scope of sentencing in the event of a conviction after trial (see, People v Ambrose, 266 AD2d 26). The court's statement that defendant was eligible for discretionary sentencing as a persistent felony of-

fender was correct. The record establishes that defendant's sentence for the out-of-State conviction at issue was five years, notwithstanding that he actually served 88 days (*see, People v Vincent*, 105 AD2d 468).

We have considered and rejected defendant's remaining arguments. Concur—Williams, J. P., Andrias, Wallach, Lerner and Marlow, JJ.