■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL OLIVEIRA, Appellant. [767 NYS2d 437]—

Judgment, Supreme Court, New York County (Charles Tejada, J.), rendered March 13, 2001, convicting defendant, after a jury trial, of two counts of murder in the first degree, four counts of murder in the second degree and two counts of robbery in the first degree, and sentencing him to an aggregate term of life without parole, unanimously affirmed.

The court properly exercised its discretion in denying defendant's motion, made pursuant to CPL 200.20 (3), for a severance of counts relating to offenses that had been properly joined as "the same or similar in law" (CPL 200.20 [2] [c]). The evidence as to the two incidents was capable of being easily segregated by the jury (see People v Streitferdt, 169 AD2d 171 [1991], lv denied 78 NY2d 1015 [1991]). There was no significant variance in the quantity of proof; on the contrary, the evidence of guilt as to both incidents was overwhelming. Defendant's assertion of a need to testify as to one incident but not the other was unconvincing (see People v Lane, 56 NY2d 1, 8-9 [1982]), particularly since his proposed testimony would have opened the door to evidence of the crimes charged in the second incident (see People v Wright, 300 AD2d 191 [2002], lv denied 99 NY2d 634 [2003]).

The court properly denied defendant's motion to suppress his statements. The hearing court properly credited police testimony that defendant, whose native language is Portuguese, was asked, through a Portuguese interpreter, each question on a Miranda card, and that defendant answered "yes" in Portuguese and wrote that same answer after each question on the card, including the inquiry as to his willingness to answer questions. Defendant's initial hesitancy in affixing his signature to the card did not constitute an invocation of his right to remain silent, since he had expressly agreed to answer questions (see People v Robinson, 287 AD2d 398 [2001], lv denied 98 NY2d 680 [2002]; People v DaCosta, 201 AD2d 402 [1994], lv denied 83 NY2d 871 [1994]).

The court properly denied defendant's motion to suppress physical evidence recovered pursuant to two search warrants. Based on the commission of the crimes described in the warrant applications, it was reasonable to infer that the clothes worn during the crime, the weapon used, the contraband taken from the victim and the items purchased with the victim's credit cards, would most likely be in defendant's residence or gym bag only three weeks after the murder.

We perceive no basis for reducing the sentence.

We have considered and rejected defendant's remaining arguments. Concur—Nardelli, J.P., Mazzarelli, Rosenberger, Lerner and Friedman, JJ.