THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD GOUSSE, Appellant. [868 NYS2d 911]—

Contrary to the defendant's contention, evidence of his prior conviction for robbery was properly admitted to establish his identity as the perpetrator of the instant crimes (*see People v Ventimiglia,* 52 NY2d 350 [1981]; *People v Molineux,* 168 NY 264 [1901]). Here, a unique modus operandi was sufficiently established, and the Supreme Court properly found that the similarity between the crimes was probative of the defendant's identity (*see People v Gousse,* 43 AD3d 958 [2007]; *People v Sanabria,* 266 AD2d 41 [1999]; *People v Delarosa,* 218 AD2d 667 [1995]). Given the court's limiting instructions, the probative value of this evidence outweighed the potential prejudice to the defendant (*see People v Balazs,* 258 AD2d 658 [1999]; *People v Caban,* 224 AD2d 705 [1996]).

The defendant's contention that the evidence that he planned to rob a drug seller was improperly admitted because it was not sufficiently similar to the instant crimes is both waived and

unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Molina,* 241 AD2d 329 [1997]; *People v Wilson,* 225 AD2d 642 [1996]). Mastro, J.P., Florio, Eng and Chambers, JJ., concur.