■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL SAUNDERS, Appellant. [898 NYS2d 168]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Neary, J.), rendered March 26, 2008, convicting him of murder in the second degree (four counts), kidnapping in the first degree, robbery in the first degree, burglary in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The Supreme Court correctly permitted the introduction of testimony by the victim of a robbery committed approximately six months before the murder of the victim in this case as evi-

dence of the identity of the perpetrator of the instant crime. The testimony constituted clear and convincing evidence that the defendant committed the prior robbery by using a sufficiently distinctive and unique modus operandi similar to the manner in which the crime was committed in this case, which was probative of the defendant's identity as one of the perpetrators of the murder of the victim in this case (*see People v Mateo*, 93 NY2d 327, 332 [1999]; *People v Robinson*, 68 NY2d 541, 549-550 [1986]; *People v Alvino*, 71 NY2d 233, 242 [1987]; *People v Molineux*, 168 NY 264, 293 [1901]; *People v Smith*, 63 AD3d 1301, 1303 [2009]; *People v Gousse*, 57 AD3d 800 [2008]; *People v Latimer*, 24 AD3d 807, 809 [2005]; *People v Manino*, 306 AD2d 542 [2003]; *People v Rodriguez*, 274 AD2d 593, 594 [2000]). In both cases, the victim was a person who had previously been involved in a real estate transaction with the defendant. The perpetrator was assisted by a younger man or men armed with a weapon. The victim was directed to sit in a chair brought from another room, and, at gunpoint, to call a financial institution to ascertain the available balance in an account. The victims in both cases were each compelled to write a check payable to the defendant in a rounded amount, slightly below the available balance in the account. In addition, both victims were restrained in some manner by the use of duct tape (*see People v Balazs*, 258 AD2d 658, 659 [1999]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that his statements to detectives should have been suppressed because he refused to sign the *Miranda* rights card (*see Miranda v Arizona*, 384 US 436 [1966]) from which a detective read his rights, is without merit. A defendant who refuses to sign a written waiver of his rights, including a *Miranda* rights card, may nevertheless orally waive his rights (*see North Carolina v Butler*, 441 US 369, 373 [1979]; *People v Robinson*, 287 AD2d 398 [2001]; *People v Spencer*, 279

AD2d 539, 540 [2001]; *People v Hendricks*, 222 AD2d 74, 80 [1996], *affd* 90 NY2d 956 [1997]; *People v DaCosta*, 201 AD2d 402 [1994]; *People v Slaughter*, 163 AD2d 342 [1990]; *People v Howard*, 162 AD2d 408, 409-410 [1990]; *People v Danaher*, 115 AD2d 905, 906 [1985]). There is no basis in the record to disturb the factual findings of the hearing court that the defendant orally waived his rights in a knowing, voluntary, and intelligent manner (*see People v Oliveira*, 2 AD3d 122, 122 [2003], *cert denied* 543 US 840 [2004]; *People v Robinson*, 287 AD2d at 398; *People v Hendricks*, 222 AD2d at 80). Notwithstanding the defendant's refusal to sign the *Miranda* rights card, he simultaneously and affirmatively announced his willingness to speak to detectives (*see Connecticut v Barrett*, 479 US 523, 529 [1987]; *cf. United States v Plugh*, 576 F3d 135, 141 [2009]).

Moreover, the defendant's statements, save for a brief statement he gave to a Detective Sergeant, were properly preceded by the administration of *Miranda* warnings, followed by a valid waiver of his rights (*see People v White*, 10 NY3d 286, 291 [2008], *cert denied* 555 US —, 129 S Ct 221 [2008]; *People v Gruttadauria*, 46 AD3d 837, 838 [2007]; *People v Jenkins*, 44 AD3d 565, 566 [2007]; *People v Lowin*, 36 AD3d 1153, 1154-1155 [2007]). The erroneous admission of the defendant's statement to the Detective Sergeant was harmless, as the proof of the defendant's guilt, without reference to the error, was overwhelming, there was no significant probability that the jury would have acquitted the defendant had it not been for the admission of the statement, and a portion of the statement was cumulative to the other statements the defendant made to detectives (*see People v Gillyard*, 13 NY3d 351 [2009]; *People v Paulman*, 5 NY3d 122, 134 [2005]; *People v Crimmins*, 36 NY2d 230 [1975]; *People v Payne*, 41 AD3d 512, 514 [2007]).

The Supreme Court correctly determined that the defendant could be questioned regarding his conviction of, and the underlying facts regarding, his previous conviction of grand larceny in the third degree, if he chose to testify at the trial (*see People v Fulford*, 280 AD2d 682 [2001]; *see also People v Neil*, 30 AD3d 901, 902 [2006]; *People v Reilly*, 19 AD3d 736, 738 [2005]).

The defendant's remaining contentions are without merit. Covello, J.P., Santucci, Miller and Eng, JJ., concur.