■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL THORNTON, Appellant. [928 NYS2d 358]—

Contrary to the defendant's contention, the evidence adduced at the suppression hearing established that his statements were made after he knowingly, voluntarily, and intelligently waived his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]). "A defendant who refuses to sign a written waiver of his rights, including a *Miranda* rights card, may nevertheless orally waive his [or her] rights" (*People v Saunders*, 71 AD3d 1058, 1059 [2010]; *see People v Robinson*, 287 AD2d 398 [2001]). Here, although the defendant did not sign the waiver on his *Miranda* rights card, he impliedly waived his rights by willingly answering police questions after declining to sign the card (*see People v Sirno*, 76 NY2d 967, 968 [1990]; *People v Ridgeway*, 101 AD2d 555, 562 [1984], *affd* 64 NY2d 952 [1985]). Further, the evidence at the suppression hearing did not establish that the defendant was intoxicated to the degree of mania, or that he was unable to understand the meaning of his statements as a consequence of intoxication (*see People v Hernandez*, 67 AD3d 820 [2009]; *People v Shields*, 295 AD2d 374 [2002]). Accordingly, the County Court correctly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

The defendant challenges the legal sufficiency of the evidence supporting the judgment of conviction on the ground that the prosecution failed to prove that he was operating the subject vehicle or that he was intoxicated. However, only his challenge to the prosecution's alleged failure to establish that he was operating the vehicle is preserved for appellate review (*see People v Hawkins*, 11 NY3d 484, 491-492 [2008]; *People v Basagoitia*, 55 AD3d 619, 620 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Totman*, 208 AD2d 970, 971 [1994]).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless ac-

cord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Since the defendant failed to move to dismiss the indictment on the ground that he was deprived of his right to a speedy trial, he has waived that claim (*see People v Lawrence*, 64 NY2d 200, 203 [1984]; *People v Heman*, 198 AD2d 434 [1993]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Chambers, Austin and Cohen, JJ., concur.