THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN WINKFIELD, Appellant. [935 NYS2d 130]—

We reject the defendant's contention that his statement to a law enforcement official should have been suppressed as the fruit of an unlawful arrest. Under the circumstances presented here, the arrest of the defendant by Florida authorities was law-

ful. The Florida authorities relied on a New York State arrest warrant and, therefore, could presume that the New York authorities had probable cause to arrest the defendant (*see generally People v Konieczny*, 2 NY3d 569, 577 [2004]). Furthermore, at the suppression hearing, it was clearly demonstrated that the New York authorities had probable cause to arrest the defendant (*see People v Warren*, 12 AD3d 708 [2004]).

Contrary to the defendant's contention, a review of the totality of the circumstances demonstrates that the defendant's statement was voluntarily made (*see People v Seabrooks*, 82 AD3d 1130 [2011]).

The defendant's contention that the evidence was legally insufficient to establish his guilt of burglary in the second degree is unpreserved for appellate review (*see* CPL 470.05; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of both counts of burglary in the second degree beyond a reasonable doubt (*see People v Clarke*, 65 AD3d 1055, 1056 [2009]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt on the counts charging burglary in the second degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). The prosecution produced sufficient evidence from which a rational jury could infer that the defendant unlawfully remained in the subject building (*see People v Garvey*, 25 AD3d 808 [2006]; *People v Acosta*, 273 AD2d 318 [2000]; *People v Burnett*, 205 AD2d 792 [1994]; *People v DeLarosa*, 172 AD2d 156 [1991]).

Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708 [1998]).

The defendant's contention that a DNA swab should have been suppressed has not been considered because it is improperly raised for the first time in his reply brief (*see People v Boynton*, 35 AD3d 875 [2006]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. Rivera, J.P., Balkin, Hall and Cohen, JJ., concur.