■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVE BRAHAM, Appellant. [948 NYS2d 122]—

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress a gun recovered from the defendant's automobile. The evidence supported the hearing court's determinations, inter alia, that the gun was in plain view, and that the gun's discovery was inadvertent (*see People v Manganaro*, 176 AD2d 354, 355-356 [1991]).

Under the circumstances of this case, the trial court properly instructed the jury on the "automobile presumption" contained in Penal Law § 265.15 (3) (*People v Maye*, 64 AD3d 795, 795-796 [2009]; *see People v Heizman*, 127 AD2d 609 [1987]; *People v Hunter*, 82 AD2d 893, 894-895 [1981], *affd* 55 NY2d 930 [1982]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to prove the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon our review of the record, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant was afforded the effective assistance of counsel (*see People v Turner*, 5 NY3d 476, 480 [2005]; *People v Baldi*, 54 NY2d 137, 146-147 [1981]). Skelos, J.P., Florio, Lott and Miller, JJ., concur.