■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH WILKINSON, Appellant. [990 NYS2d 270]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Cacace, J.), rendered March 29, 2011, convicting him of murder in the second degree (two counts), robbery in the first degree, burglary in the first degree (two counts), criminal possession of a weapon in the second degree, and assault in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. Although the defendant refused to sign the *Miranda* warning form (*see Miranda v Arizona*, 384 US 436 [1966]), a defendant who refuses to sign a written waiver of his rights, including a *Miranda* rights card, may nevertheless orally waive his or her rights (*see People v Saunders*, 71 AD3d 1058, 1059 [2010]; *People v Robinson*, 287 AD2d 398 [2001]; *People v Spencer*, 279 AD2d 539, 540 [2001]; *see also People v Thornton*, 87 AD3d 663, 664 [2011]). Here, a detective testified, and the hearing court found, that the defendant said that he would not sign the form, but that he would talk to the detectives. A review of the totality of the circumstances demonstrates that the defendant's statements were voluntarily made (*see People v Winkfield*, 90 AD3d 959, 960 [2011]; *People v Seabrooks*,

82 AD3d 1130, 1130-1131 [2011]; *People v Saunders*, 71 AD3d at 1059-1060).

At trial, the County Court erred in admitting into evidence portions of a witness's grand jury testimony recounting inculpatory statements allegedly made by the defendant, under the past recollection recorded exception to the hearsay rule. "The requirements for admission of a memorandum of a past recollection are generally stated to be that the witness observed the matter recorded, the recollection was fairly fresh when recorded or adopted, the witness can presently testify that the record correctly represented his [or her] knowledge and recollection when made, and the witness lacks sufficient present recollection of the recorded information" (*People v Taylor*, 80 NY2d 1, 8 [1992]; *Matter of Saperston v Holdaway*, 93 AD3d 1271, 1275 [2012]; *Morse v Colombo*, 31 AD3d 916, 917 [2006]). In light of the one-year gap between the time the witness allegedly heard the defendant's alleged inculpatory statements and the witness's grand jury testimony, the People failed to establish that the witness's recollection of the matter was "fairly fresh when recorded or adopted" during the grand jury proceeding (*People v Taylor*, 80 NY2d at 8; *see Calandra v Norwood*, 81 AD2d 650, 651 [1981]; *see also Morse v Colombo*, 31 AD3d at 917). Moreover, the witness's trial testimony was equivocal as to whether her testimony in the grand jury correctly represented her knowledge and recollection when given (*see People v Fields*, 89 AD3d 861 [2011]; *People v Pacheco*, 38 AD3d 686, 689 [2007]).

Since the proof of the defendant's guilt, without reference to the inadmissible grand jury testimony, was not overwhelming, "there is no occasion for consideration of any doctrine of harmless error" (*People v Crimmins*, 36 NY2d 230, 241 [1975]; *People v Parchment*, 92 AD3d 699, 700 [2012]).

In light of our determination, we need not reach the defendant's remaining contentions. Skelos, J.P., Hall, Duffy and Barros, JJ., concur.