■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALPHONSO BARNES, Appellant. [992 NYS2d 150]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robbins, J.), rendered September 5, 2012, as amended September 7, 2012, convicting him of rape in the first degree, criminal sexual act in the first degree, and sexual abuse in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions (St. George, J.), of the suppression of the defendant's statements to law enforcement officials.

Ordered that the judgment, as amended, is affirmed.

Contrary to the hearing court's determination, the evidence adduced at the suppression hearing was insufficient to establish that the defendant's statements to law enforcement officials were made after he knowingly, voluntarily, and intelligently waived his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]). Although the defendant's refusal to sign the *Miranda* card did not, in itself, preclude the finding of a valid waiver (*see People v Sirno*, 76 NY2d 967, 968 [1990]; *People v Thornton*, 87 AD3d 663, 664 [2011]; *People v Saunders*, 71 AD3d 1058, 1059 [2010]), the record was devoid of any indication that the defendant clearly understood his *Miranda* rights as read to him (*see Berghuis v Thompkins*, 560 US 370 [2010]; *People v Sirno*, 76 NY2d at 970; *cf. People v Thornton*, 87 AD3d at 664; *People v Saunders*, 71 AD3d at 1059; *People v Cartwright*, 61 AD3d 695 [2009]; *People v Gill*, 20 AD3d 434 [2005]; *People v Rivas*, 182 AD2d 722, 723 [1992]; *People v Rivas*, 175 AD2d 186 [1991]). Accordingly, the hearing court should have suppressed the defendant's statements. However, the evidence of the defendant's guilt, without reference to the error, was overwhelming, and there is no reasonable possibility that the error might have contributed to the defendant's conviction (*see People v Crimmins*, 36 NY2d 230, 237 [1975]; *People v Olavarrueth*, 74 AD3d

1361, 1362 [2010]). Thus, the admission of these statements into evidence at the defendant's trial was harmless beyond a reasonable doubt.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Romero, 7 NY3d 633, 643-644 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]; People v Cahill, 2 NY3d 14, 58 [2003]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to the crimes of which the defendant was convicted was not against the weight of the evidence (see People v Romero, 7 NY3d at 643-644; People v Cahill, 2 NY3d at 58).

The defendant's objections to the Supreme Court's instructions to the jury on the charges of rape in the first degree and sexual abuse in the first degree are unpreserved for appellate review (see People v Devers, 82 AD3d 1261, 1263 [2011]; People v Pruitt, 74 AD3d 1366, 1367 [2010]; People v Floyd, 34 AD3d 494, 495 [2006]; People v Soto, 31 AD3d 793 [2006]; CPL 470.05). In any event, we are satisfied that the court's charge, as a whole, adequately conveyed to the jury the correct principles, and all of the elements of rape in the first degree (see People v Gray, 300 AD2d 27 [2002]). Further, although the court erred in including in its charge regarding sexual abuse in the first degree an amendment to the definition of "sexual contact," which became effective after the acts in question were committed, the error was not "substantial" and did not "seriously and prejudicially" undermine the defendant's defense (People v Lopez, 200 AD2d 767, 768 [1994]).

The defendant's contention that his trial counsel rendered ineffective assistance is without merit (see People v Caban, 5 NY3d 143, 152 [2005]; People v Henry, 95 NY2d 563, 565-566 [2000]; People v Berroa, 99 NY2d 134, 138-139 [2002]; People v Hobot, 84 NY2d 1021, 1022 [1995]; People v Baldi, 54 NY2d 137, 147 [1981]). Skelos, J.P., Austin, Sgroi and LaSalle, JJ., concur.