■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY FIELDS, Appellant. [7 NYS3d 236]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Cacace, J.), rendered November 30, 2010, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the hearing court properly denied that branch of his omnibus motion which was to suppress physical evidence. Police Officer William Skinner was initially justified in approaching the defendant, who was seated in a vehicle, and in requesting his license and registration after observing the defendant walk across a public street to the vehicle while carrying an open container of alcohol, in violation of a Mount Vernon City ordinance (*see* CPL 140.10 [1] [a]; *People v Bothwell*, 261 AD2d 232 [1999]). Upon learning from a radio report that, based on the make, model, and license plate number, the vehicle in which the defendant was seated had recently been the subject of a nearby carjacking involving gunfire, Skinner and another officer justifiably entertained a reasonable suspicion that the defendant had committed a felony or misdemeanor, and were justified in requesting that he exit the vehicle and in detaining him (*see People v Argyris*, 99 AD3d 808, 810 [2012], *affd* 24 NY3d 1138 [2014]; *People v Allen*, 78 AD3d 1521, 1521 [2010]; *People v Fleming*, 65 AD3d 702, 703 [2009]; *People v Jogie*, 51 AD3d 1038, 1039 [2008]). When Police Officer Michael Christiansen approached the vehicle and observed a handgun in plain view in the open glove compartment of the vehicle, the officers had probable cause to arrest the defendant (*see People v Blake*, 123 AD3d 838 [2014]; *People v Braham*, 97 AD3d 689, 689 [2012]; *People v Fleming*, 65 AD3d at 704; *People v Glenn*, 53 AD3d 622, 623 [2008]).

The hearing court also properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. A police detective read the *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]) to the defendant, and the defendant responded that he understood. Although the defendant refused to sign the waiver on the *Miranda* rights card, a defendant who refuses to sign a written waiver of his rights, including a *Miranda* rights card,

may nevertheless orally waive his or her rights (*see People v Dobbins*, 123 AD3d 1140 [2014]; *People v Wilkinson*, 120 AD3d 521, 521 [2014]; *People v Thornton*, 87 AD3d 663, 664 [2011]; *People v Saunders*, 71 AD3d 1058, 1059 [2010]). Here, a detective testified, and the hearing court found, that the defendant said that he would not sign the card, but that he would speak to the law enforcement officials. A review of the totality of the circumstances demonstrates that the defendant's resulting statements were voluntarily made (*People v Wilkinson*, 120 AD3d at 521; *People v Saunders*, 71 AD3d at 1059-1060).

Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Contrary to the defendant's contention, his conduct was not consistent with innocent possession (*see People v Rossi*, 99 AD3d 947, 951 [2012], *affd* 24 NY3d 968 [2014]; *People v Crawford*, 96 AD3d 964, 964-965 [2012]; *People v Sooknanan*, 92 AD3d 810, 810 [2012]; *see generally People v Williams*, 50 NY2d 1043, 1045 [1980]).

Viewing the record as a whole, the defendant was afforded meaningful representation and, thus, was not deprived of the effective assistance of counsel (*see Strickland v Washington*, 466 US 668 [1984]; *People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.