■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARFIELD CLARKE, Appellant. [13 NYS3d 238]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Loehr, J.), rendered March 19, 2007, convicting him of assault in the third degree, attempted criminal possession of a weapon in the third degree, and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Cacace, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. Although a defendant may refuse to sign a *Miranda* warning form (*see Miranda v Arizona*, 384 US 436 [1966]), he or she may nevertheless orally waive his or her rights (*see People v Wilkinson*, 120 AD3d 521 [2014]; *People v Saunders*, 71 AD3d 1058, 1059 [2010]; *People v Robinson*, 287 AD2d 398 [2001]; *People v Spencer*, 279 AD2d 539, 540 [2001]; *see also People v Thornton*, 87 AD3d 663, 664 [2011]). Here, a detective testified, and the hearing court found, that *Miranda* warnings were administered to the defendant. He was thereafter asked if he understood those warnings, and he answered "[y]es." After refusing to sign the *Miranda* card, the defendant was asked again if he understood the *Miranda* warnings, and he again replied "[y]es." The defendant thereafter answered three questions put to him by the detective. Thus, a review of the totality of the circumstances demonstrates that the defendant's statements were voluntarily made (*see People v Wilkinson*, 120 AD3d at 521; *People v Winkfield*, 90 AD3d 959, 960 [2011]; *People v Seabrooks*, 82 AD3d 1130, 1130-1131 [2011]; *People v Saunders*, 71 AD3d at 1059-1060).

The defendant preserved his challenge to the legal sufficiency of the evidence supporting the convictions of attempted criminal possession of a weapon in the third degree and resisting arrest, but failed to preserve his challenge to the legal sufficiency of the evidence supporting the assault in the third degree conviction (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt on each of the convictions. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt on each of the convictions was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's remaining contention is without merit. Rivera, J.P., Dickerson, Miller and Duffy, JJ., concur.