■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUNY FENELON, Appellant. [50 NYS3d 151]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robbins, J.), rendered December 11, 2014, convicting him of murder in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (St. George, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the evidence adduced at the suppression hearing established that his statements to law enforcement officials were made after he knowingly, voluntarily, and intelligently waived his Miranda rights (see Miranda v Arizona, 384 US 436 [1966]; People v Thornton, 87 AD3d 663, 664 [2011]). "A defendant who refuses to sign a written waiver of his [or her] rights, including a Miranda rights card, may nevertheless orally waive his [or her] rights" (People v Saunders, 71 AD3d 1058, 1059 [2010]; see People v Thornton,

87 AD3d at 664; *People v Robinson*, 287 AD2d 398 [2001]). Here, although the defendant did not sign the waiver on his *Miranda* rights card, he orally agreed to waive his rights and willingly answered questions after declining to sign the card (*see People v Sirno*, 76 NY2d 967 [1990]; *People v Thornton*, 87 AD3d at 664; *People v Ridgeway*, 101 AD2d 555 [1984], *affd* 64 NY2d 952 [1985]). Accordingly, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress his statements.

The defendant failed to preserve for appellate review his contentions that the People failed to prove his guilt by legally sufficient evidence because his intoxication rendered him incapable of forming the requisite intent, and that the People failed to prove his guilt of criminal possession of a weapon in the third degree by legally sufficient evidence (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Alston*, 42 AD3d 468, 469 [2007]). In any event, the general rule is that "an intoxicated person can form the requisite criminal intent to commit a crime, and it is for the trier of fact to decide if the extent of the intoxication acted to negate the element of intent" (*People v Zapata*, 98 AD3d 539, 540 [2012] [internal quotation marks omitted]; *see People v Flores*, 40 AD3d 876, 877 [2007]). Further, contrary to the defendant's contentions, the evidence was legally sufficient to disprove the defendant's justification defense, there was legally sufficient evidence to establish that the defendant's acts contributed to the victim's death, and there was legally sufficient evidence to establish the defendant's guilt of criminal possession of a weapon in the third degree.

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Upon reviewing the record as a whole, we conclude that the defendant was not deprived of the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 712 [1998]). Mastro, J.P., Balkin, Cohen and Brathwaite Nelson, JJ., concur.