People v McManus (2023 NY Slip Op 04217)

People v McManus

2023 NY Slip Op 04217

Decided on August 9, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
CHERYL E. CHAMBERS
JANICE A. TAYLOR, JJ.

2022-02027
 (Ind. No. 1478/19)

[*1]The People of the State of New York, respondent,
v
Brian McManus, appellant.

Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Grazia DiVincenzo and Marion Tang of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Richard I. Horowitz, J.), rendered February 8, 2022, convicting him of burglary in the second degree, bribing a witness, and criminal contempt in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (William J. Condon, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the County Court did not err in denying that branch of his omnibus motion which was to suppress his statements to law enforcement officials. At the suppression hearing, the People demonstrated beyond a reasonable doubt that the defendant's statements were voluntary and that he knowingly, intelligently, and voluntarily waived his Miranda rights prior to making the statements (see Miranda v Arizona, 384 US 436; People v Dale, 207 AD3d 651, 651; People v Stevens, 203 AD3d 1181, 1182; People v Johnson, 139 AD3d 967, 969). Although the defendant refused to sign a Miranda rights card, he nevertheless orally waived his rights (see People v Fenelon, 148 AD3d 1051, 1051-1052; People v Fields, 127 AD3d 782, 783-784; People v Wilkinson, 120 AD3d 521, 521). A review of the totality of the circumstances demonstrates that the defendant's statements were voluntarily made (see People v Clarke, 130 AD3d 748, 748; People v Fields, 127 AD3d at 784; People v Wilkinson, 120 AD3d at 521).
Viewing the evidence in the light most favorable to the prosecution (see People v [*2]Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that he received ineffective assistance of counsel is without merit. The evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, reveal that defense counsel provided meaningful representation (see People v Baldi, 54 NY2d 137, 146-147).
The County Court did not err in sentencing the defendant as a persistent violent felony offender. Contrary to the defendant's contention, the fact that no period of postrelease supervision was imposed at the time of sentencing for his conviction in Putnam County in 2000 does not render that conviction "unconstitutionally obtained" (CPL 400.15[7][b]; see id. § 400.16[2]; People v Smith, 28 NY3d 191, 210; see also People v Esquilin, 174 AD3d 458, 460-461). The sentence for the 2000 Putnam County conviction was imposed not more than 10 years before commission of the felony of which the defendant presently stands convicted (see Penal Law § 70.04[1][b][iv]), excluding the periods of time during which the defendant was incarcerated between the time of commission of the previous felony and the time of commission of the present felony (see id. § 70.04[1][b][v]). Therefore, the court correctly used the 2000 Putnam County conviction as a predicate felony conviction.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is partially unpreserved for appellate review and, in any event, without merit.
LASALLE, P.J., CONNOLLY, CHAMBERS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court