THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD MORGAN, Appellant.

Fourth Department, November 15, 1989

---

---

### APPEARANCES OF COUNSEL

*Richard Kaplan* for appellant.

*Barry M. Donalty, District Attorney,* for respondent.

### OPINION OF THE COURT

GREEN, J.

██ ██ Defendant appeals from a judgment entered upon a jury verdict convicting him of second degree conspiracy and first degree possession of a controlled substance. He argues

that the trial court's erroneous admission of a nontestifying codefendant's Grand Jury testimony requires reversal because the testimony did not fit within the exception to the hearsay rule dealing with declarations against penal interest and violated his constitutional right to confrontation. We agree.

Defendant was arrested for possession of one-half kilogram of cocaine as a result of an undercover "buy-bust" operation orchestrated by the New York State Police Organized Crime Task Force. The trial evidence established that defendant and codefendants Cefola and Fata traveled by plane from Florida to New York City, then by limousine to Utica, New York, where they registered at a Howard Johnson Motel. The police, informed that the trio had cocaine for sale, secured a room at a nearby Holiday Inn Motel to consummate the sale. A police surveillance team noticed that, several hours after arriving at the Howard Johnson Motel, defendant and his companions left their room. Defendant carried a large suitcase and two smaller gym bags and Fata carried a small gym bag, which he tossed to codefendant Flihan. Defendant, Cefola, Fata and Flihan drove to the Continental Journey's End Motel in Utica. Flihan and Fata then went to the Holiday Inn and were arrested after handing one-half kilogram of cocaine to an undercover police officer. Based on information supplied by Flihan, the police obtained a search warrant for the room at the Continental Motel, where defendant and Cefola remained while the sale was consummated. Defendant was arrested during execution of the warrant.

During trial the prosecutor called Flihan to testify pursuant to a plea agreement that Flihan had entered into with the State Organized Crime Task Force. Flihan, however, invoked his Fifth Amendment privilege against self-incrimination and refused to testify. The court, over objection, then permitted the prosecutor to read into evidence a portion of Flihan's Grand Jury testimony in which Flihan stated that he got the cocaine for the buy-bust transaction from the room at the Continental Journey's End Motel and acted merely as a courier of the contraband to facilitate the sale.

On appeal, defendant challenges the legal sufficiency of the indictment and the evidence supporting the verdict and also argues that the court's charge was erroneous in several respects and that he was denied effective assistance of counsel. We need not address these issues, however, because defen-

dant's claim challenging admission of Flihan's Grand Jury testimony has merit and requires reversal.*

Hearsay evidence is admissible as a declaration against penal interest only if the declarant (1) is unavailable, (2) is knowledgeable of the facts, (3) is aware that the statement was against his penal interest when he made it and (4) there is sufficient competent evidence independent of the declaration to assure its trustworthiness and reliability *(see, People v Shortridge,* 65 NY2d 309, 312). The circumstances under which the statement was made must be taken into account *(see, People v Settles,* 46 NY2d 154, 168) and "the interest which the declaration compromises must be one of sufficient magnitude or consequence to the declarant to all but rule out any motive to falsify" *(People v Maerling,* 46 NY2d 289, 298). Moreover, where, as here, the declaration is offered by the People as direct evidence to inculpate the defendant, it must be subjected to even more exacting standards in recognition of the due process protections and the fact that defendant's guilt must be established beyond a reasonable doubt *(see, People v Brensic,* 70 NY2d 9, 15, *remittitur amended* 70 NY2d 722; *cf., People v Brown,* 26 NY2d 88).

■ Flihan's Grand Jury testimony does not meet these exacting standards because it is not clear that the testimony was in fact against his penal interest and because the intrinsic trustworthiness and reliability of the testimony was not established. Flihan testified before the Grand Jury pursuant to an agreement with the State Organized Crime Task Force. The trial court did not conduct a hearing or call any witnesses to determine the circumstances surrounding the agreement. Flihan's Grand Jury testimony could have been based on an agreement with the Strike Force to drop or reduce charges not relevant to the instant prosecution. At the time Flihan testified before the Grand Jury, there was more than a distinct possibility that he would be motivated to implicate others, including defendant, in the hope of currying favor with the prosecution *(see, People v Geoghegan,* 51 NY2d 45, 49; *People v*

---

* [3] Defendant's claim on appeal that the admission of the Grand Jury testimony is not sanctioned under CPL 670.10 *(see, People v Gonzalez,* 54 NY2d 729, 730) was not raised at trial and is unpreserved for review (CPL 470.05 [2]). The claim is not persuasive in any event because while the statute mentions specific instances where prior testimony may be used in a criminal proceeding it does not prohibit testimony from being admitted by other means *(see, People v Harding,* 37 NY2d 130, 134-137, *rearg denied* 37 NY2d 817 [Cooke, J., concurring]).

*Settles, supra).* Moreover, since Flihan's testimony attempts to minimize his participation in the drug transaction as a mere courier of the contraband, there is some doubt what penal interest he testified against. When all these factors are considered, the trial court's admission of Flihan's testimony as a declaration against penal interest constituted an abuse of discretion *(see, People v Brensic, supra; People v Shortridge, supra,* at 315; *People v Maerling, supra,* at 300-301).

The People's reliance on *People v Thomas* (68 NY2d 194, *cert denied* 480 US 948) is misplaced. There, the court admitted statements in a plea allocution of a codefendant as a declaration against his penal interest to establish that defendant was aided by another person during a robbery. The court confined its holding to the "limited circumstances" presented *(supra,* at 195), which included the nature of the plea proceeding and the presence of independent supportive proof assuring the reliability of the declaration. The Grand Jury proceeding in the instant case differed substantially from the plea allocution in *Thomas.* Before the Grand Jury, Flihan was not admitting his guilt directly to a Judge in open court and did not face immediate conviction. Moreover, as discussed earlier, there was no independent supportive proof assuring the reliability of Flihan's testimony. We note also that much of the Grand Jury testimony read into evidence would not have been admitted had Flihan in fact testified at trial because it was in response to leading questions by the prosecutor in front of the Grand Jury, often with no foundation.

■ The court's ruling also violated defendant's constitutional right to cross-examine witnesses against him *(see,* US Const 6th Amend; NY Const, art I, § 6). Standards for determining hearsay exceptions and confrontation claims are not identical *(see, Dutton v Evans,* 400 US 74, 86; *People v Salko,* 47 NY2d 230, 241, *rearg denied* 47 NY2d 1012). Defendant's inability to cross-examine Flihan before the Grand Jury plainly denied him the rights secured by the Confrontation Clause *(see, Douglas v Alabama,* 380 US 415, 419). Such testimony tending to implicate the accused is presumed to be unreliable and inadmissible *(see, California v Green,* 399 US 149) and the presumption may be overcome only if the testimony possesses sufficient indicia of reliability *(see, Ohio v Roberts,* 448 US 56, 65-66; *People v Sanders,* 56 NY2d 51, 64-65, *rearg denied* 57 NY2d 674). There is here no such quality to Flihan's Grand Jury testimony *(see, Lee v Illinois,* 476 US

530; *People v Ayala,* 142 AD2d 147, 169, *lv granted* 73 NY2d 1011).

■ The error in admitting the Grand Jury testimony as a declaration against penal interest cannot be deemed harmless because proof of defendant's guilt, although sufficient to support the convictions, was far from overwhelming and there is a significant probability that the jury would have acquitted defendant had Flihan's Grand Jury testimony not been admitted *(see, People v Crimmins,* 36 NY2d 230, 242). This testimony was the only evidence establishing defendant's presence in the motel room when the cocaine was repackaged for sale *(see, People v Brensic, supra,* at 22). The constitutional error is not harmless beyond a reasonable doubt because there is a reasonable possibility that the erroneously admitted evidence contributed to defendant's conviction *(see, People v Hamlin,* 71 NY2d 750, 756; *People v Crimmins, supra,* at 237; *People v Hamilton,* 127 AD2d 691, 693, *affd* 70 NY2d 987).

Accordingly, the judgment must be reversed and a new trial granted.

DILLON, P. J., BOOMER, LAWTON and DAVIS, JJ., concur.

Judgment unanimously reversed on the law, and new trial granted.

# MEMORANDA

OF

*DECISIONS RENDERED DURING THE PERIOD EMBRACED IN THIS VOLUME*