■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN GREEN, Also Known as BENJAMIN GREENE, Appellant.—Judgment, Supreme Court, New York County (James Leff, J.), rendered March 15, 1989, after a jury trial, convicting defendant of murder in the second degree and criminal possession of a weapon in the second and third degrees and sentencing him to concurrent, indeterminate prison terms of from 25 years to life, 7½ to 15 years and 3½ to 7 years, respectively, is unanimously affirmed.

On February 8, 1987, defendant and Anthony Keith shot and killed Alan Howard while the victim's son, 13-year-old Alan Hassel, stood at his side. Two other men stood nearby and encouraged the murder. The next day, defendant was arrested. Hassel and James Hilliard, a nine year old who had witnessed the murder from a nearby park, identified defendant in a lineup as one of the killers. On May 3, 1988, Anthony Keith was arrested and both Hassel and Hilliard viewed him in a lineup. Only Hilliard identified Keith as the second killer.

Prior to trial, the prosecutor informed the court and defense counsel that Hilliard suddenly had a complete memory loss as to the crime itself and the subsequent proceedings. *(Cf., People v Bayron,* 66 NY2d 77.) After an in camera questioning before the court and the attorneys, Hilliard professed not to remember the murder or the related proceedings. Over objection, Trial Term permitted the admission of Hilliard's Grand Jury testimony. The defense presented the transcripts of the in camera questioning as well as two taped interviews of Hilliard and a private investigator which described the murder and its circumstances. Hilliard was unaware that the conversations were taped. While Hilliard was made available for cross-examination at trial, the defense chose not to call him to the stand.

We are unpersuaded that the admission of Hilliard's Grand Jury testimony violated defendant's right to confrontation. While a defendant is assured the *"opportunity* for effective

cross-examination" *(Delaware v Fensterer,* 474 US 15, 20), a "successful cross-examination is not the constitutional guarantee." *(United States v Owens,* 484 US 554, 560.) Defendant was given the opportunity to cross-examine Hilliard, but chose not to do so. Hence, it was his own decision not to confront Hilliard. Indeed, defendant chose alternative methods to discredit Hilliard in lieu of cross-examining him in front of the jury: defendant presented two taped interviews with Hilliard, conducted by his own private investigator, to demonstrate inconsistencies in Hilliard's account of the murder, and the in camera transcripts also were admitted to demonstrate Hilliard's faulty memory.

Moreover, assuming arguendo that the admission of Hilliard's Grand Jury testimony was a violation of the hearsay rule, that error was harmless. The only issue at trial was identification. Alan Hassel's identification of defendant, his eyewitness testimony of the murder and Ms. Howard's confirmation of the relationship among the men involved in the killing provided powerful and conclusive evidence of defendant's guilt. Hilliard's testimony was merely cumulative and, thus, there was no "significant probability" that its admission resulted in defendant's conviction. *(People v Crimmins,* 36 NY2d 230, 242.)

We have considered defendant's other claims and find them to be of no merit. Concur—Kupferman, J. P., Asch, Ellerin and Smith, JJ.