OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and a new trial ordered.
The Grand Jury testimony of an eyewitness to the crime, which identified defendant as one of the perpetrators, did not fall within the classes of prior testimony rendered admissible in criminal proceedings by CPL 670.10. Inasmuch as the statute’s "three carefully worded and enumerated exceptions” are exclusive (People v Harding, 37 NY2d 130, 134; see, People v Ayala, 75 NY2d 422, 429), the trial court erred in allowing the witness’ prior testimony to be admitted as evidence-in-chief against the defendant. Under the circumstances of this case, in which identification was the central issue, we cannot conclude that the error was harmless.