Alexander, J.
(dissenting). While I agree with the majority that the admission of the Grand Jury testimony of an eyewitness to the crime was error, I am persuaded, as was the Appellate Division, that the error was harmless. The testimony of that witness was not the sole identification of the defendant as one of the perpetrators. Indeed, the son of the victim who was present at the time of the incident clearly and unequivocally identified defendant as one of the assailants.
As noted by the Appellate Division, that and other testimony which confirmed the "relationship among the men involved in the killing provided powerful and conclusive evi *1031 dence of defendant’s guilt. [The Grand Jury testimony of the other eyewitness] was merely cumulative and, thus, there was no 'significant probability’ that its admission resulted in defendant’s conviction. (People v Crimmins, 36 NY2d 230, 242.)” (People v Green, 159 AD2d 432, 433.) Thus, there should be an affirmance.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur in memorandum; Judge Alexander dissents and votes to affirm in an opinion.
Order reversed, etc.