■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL F. GARDNER, Appellant. [654 NYS2d 924] —Judgment unanimously affirmed. Memorandum: Supreme Court did not err in permitting the People to introduce testimony of defendant from a prior trial as part of their case-in-chief. The People were not required to satisfy the requirements of CPL 670.10. The evidence included admissions by defendant and was independently admissible under that exception to the hearsay rule (*see, People v Rose,* 224 AD2d 643; *People v Koestler,* 176 AD2d 1207, 1208; *People v King,* 158 AD2d 471, *lv denied* 76 NY2d 737; *People v Morton,* 116 AD2d 925, 927, *lv denied* 67 NY2d 887). Defendant did not object to the admission of the prior testimony on the ground that it was contaminated by a prior erroneous *Sandoval* ruling and thus did not preserve that issue for our review (*see,* CPL 470.05 [2]). We decline to exercise our power to address that issue as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

We agree with defendant that the prosecutor engaged in misconduct by forcing defendant to characterize the People's witnesses as liars (*see, People v Paul,* 212 AD2d 1020, 1021, *lv denied* 85 NY2d 912). That misconduct was isolated, however, and not so egregious that defendant was thereby deprived of a fair trial (*see, People v Rubin,* 101 AD2d 71, 77-78). While the prosecutor also engaged in misconduct by questioning defendant regarding his failure to produce certain evidence (*see, People v Grice,* 100 AD2d 419, 422), we conclude that the court's curative instruction, given at the prosecutor's request, cured any prejudicial effect (*see, People v Heck,* 229 AD2d 931; *People v Plant,* 138 AD2d 968, *lv denied* 71 NY2d 1031). We reject the contention that the prosecutor improperly commented during summation on matters not in evidence, and we conclude that

the prosecutor's comments concerning witness credibility were made in fair response to defense counsel's summation (*see, People v Rubin, supra,* at 77-78). (Appeal from Judgment of Niagara County Court, Dadd, J.—Rape, 1st Degree.) Present—Denman, P. J., Pine, Lawton, Doerr and Balio, JJ.