■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL HOLMES, Appellant. [738 NYS2d 21] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered January 10, 1996, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second and third degrees, and sentencing him, as a second felony offender, to concurrent terms of 25 years to life, 7½ to 15 years and 3½ to 7 years, respectively, unanimously affirmed.

Defendant's suppression motion was properly denied. This Court has reviewed a photograph of the lineup and it clearly depicts its lack of suggestiveness. This photograph, taken together with the other evidence adduced at the hearing, establishes that the lineup participants were sufficiently similar in appearance to defendant. Contrary to defendant's contention, the photograph shows that there was no noticeable difference in the body size of the participants, particularly since they were all wearing baggy clothing and holding large number cards in front of them (see, People v Herrera, 219 AD2d 511, lv denied 87 NY2d 847). The lineup was not rendered suggestive by the fact that defendant and one of the fillers seem to have had a lighter skin tone than the rest of the participants (see, People v Chipp, 75 NY2d 327, 336, cert denied 498 US 833; People v Stephens, 254 AD2d 105, lv denied 93 NY2d 879). Although the witnesses mentioned defendant's body type and skin tone in their description of the perpetrator, any minor discrepancies in these characteristics, when considered together with the similarities in age, height and overall appearance of the participants in the lineups, were insufficient to distinguish defendant (People v Chipp, supra).

The court properly exercised its discretion in admitting a witness's grand jury testimony as past recollection recorded since the People laid a sufficient foundation for such evidence (*see, People v Taylor*, 80 NY2d 1; *People v Lewis*, 232 AD2d 239, *lv denied* 89 NY2d 865). In any event, this evidence could not have caused defendant any prejudice because it was entirely cumulative to the testimony of other witnesses (*see, People v Krom*, 61 NY2d 187, 201; *People v Harding*, 37 NY2d 130, 134).

The court properly exercised its discretion in denying defendant's mistrial motion made after a brief reference to uncharged criminal activity in response to a question posed by defense counsel. The court immediately struck the offending testimony and provided curative instructions that were sufficient to prevent any prejudice (*see, People v Santiago*, 52 NY2d 865; *People v Bryant*, 280 AD2d 403, *lv denied* 96 NY2d 826).

We perceive no basis for a reduction of sentence. Concur—Williams, J.P., Saxe, Ellerin, Lerner and Friedman, JJ.