■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAYE ELLEBY, Appellant. [46 NYS3d 551]—

Judgment, Supreme Court, New York County (Patricia M. Nuñez, J.), rendered February 5, 2014, as amended March 14, 2014, convicting defendant, after a jury trial, of sex trafficking and two counts each of promoting prostitution in the second and third degrees, and sentencing him to an aggregate term of 10²/₃ to 32 years, unanimously affirmed.

Defendant failed to preserve his present challenges to the court's rulings permitting the People to examine one of the victims by leading questions as a hostile witness and impeach her with her grand jury testimony and other prior statements pursuant to CPL 60.35 (1), and to the absence of a limiting instruction as to the prior statements. Although defendant objected to the admission of a transcript of the parts of the witness's grand jury testimony used during her trial testimony on the ground that this violated his right of confrontation under *Crawford v Washington* (541 US 36 [2004]), his federal Confrontation Clause claim is unavailing because he had an opportunity to cross-examine the witness at trial. Defendant did not preserve his present claim that the evidence at issue violated his right of confrontation under the New York Constitution, which he claims provides broader protection (*see People v DiTommaso*, 127 AD3d 11, 20 [1st Dept 2015], *lv denied* 25 NY3d 1162 [2015]). We decline to review these contentions in the interest of justice. As an alternative holding, we find that any error was harmless in light of the overwhelming evidence of guilt (*see People v Crimmins*, 36 NY2d 230 [1975]), which included, among other things, the testimony of another victim, and a wealth of bank, phone and Internet records that completely refuted defendant's testimony, in which he disclaimed any involvement in prostitution.

The court providently exercised its discretion in permitting the People to introduce a video of defendant performing a song in which he boasted about being a pimp, for the purpose of impeaching defendant's testimony that he had never been involved in prostitution (*see generally People v Fardan*, 82 NY2d 638, 646 [1993]). Defendant's arguments concerning the probative value of this evidence, such that the performance was not a genuine admission of pimping, go to weight rather than admissibility. In any event, any error in the admission of the video and related matters was harmless for the reasons previously stated.

We perceive no basis for reducing the sentence. Concur— Acosta, J.P., Mazzarelli, Feinman and Webber, JJ.