People v Gardner (2022 NY Slip Op 02911)

People v Gardner

2022 NY Slip Op 02911

Decided on April 29, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, LINDLEY, AND WINSLOW, JJ.

241 KA 18-01574

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSIAH D. GARDNER, DEFENDANT-APPELLANT. 

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT. 

 Appeal from a judgment of the Allegany County Court (Thomas P. Brown, J.), rendered March 29, 2018. The judgment convicted defendant upon a jury verdict of burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed as a matter of discretion in the interest of justice and on the law and a new trial is granted.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]), defendant contends, inter alia, that the conviction is not based on legally sufficient evidence and that the verdict is against the weight of the evidence. Assuming, arguendo, that defendant preserved for our review his challenge to the legal sufficiency of the evidence (see generally People v Gray, 86 NY2d 10, 19 [1995]), we conclude, after viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), that the evidence is legally sufficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). We further conclude, after viewing the evidence in light of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Defendant further contends that County Court erred in admitting in evidence a written statement of a prosecution witness as a past recollection recorded. We agree. "[A] memorandum made of a fact known or an event observed in the past of which the witness lacks sufficient present recollection may be received in evidence as a supplement to the witness's oral testimony" (People v Taylor, 80 NY2d 1, 8 [1992]). "The foundational requirements for the admissibility of a past recollection recorded are: (1) the witness must have observed the matter recorded; (2) the recollection must have been fairly fresh at the time when it was recorded; (3) the witness must currently be able to testify that the record is a correct representation of his or her knowledge and recollection at the time it was made; and (4) the witness must lack sufficient present recollection of the information recorded" (People v Tapia, 33 NY3d 257, 264 [2019], cert denied — US &mdash, 140 S Ct 643 [2019]; see Taylor, 80 NY2d at 8).
Here, as defendant contends, the prosecution witness in question did not testify that his written statement accurately represented his knowledge and recollection when made. To the contrary, the witness testified that the statement was not accurate when given because he was under the influence of narcotics at that time (see People v DiTommaso, 127 AD3d 11, 12 [1st Dept 2015], lv denied 25 NY3d 1162 [2015]; People v Wilkinson, 120 AD3d 521, 522 [2d Dept 2014]). Moreover, because the statement was made more than six months after the alleged events recorded therein, the recollection was not "fairly fresh" when recorded (DiTommaso, 127 AD3d at 12; see Wilkinson, 120 AD3d at 522; People v Eli, 250 AD2d 418, 419 [1st Dept 1998], lv denied 92 NY2d 851 [1998]). The court therefore erred in admitting the written statement in evidence over defendant's objection.
Defendant also contends that the court erred in instructing the jury on accomplice liability. In its instructions, the court stated that a person could be liable for the conduct of another "when acting with the state of mind required for the commission of that offense, he or she solicits, requests, commands, importunes or potentially aids such person to engage in such conduct" (emphasis added). The court repeated that instruction two more times. Penal Law § 20.00 provides that a "person is criminally liable for [the conduct of another] when, acting with the mental culpability required for the commission thereof, he solicits, requests, commands, importunes, or intentionally aids such person to engage in such conduct" (emphasis added). Defendant did not object to the incorrect instruction and thus failed to preserve his contention for our review (see People v Spencer, 185 AD3d 1440, 1441 [4th Dept 2020]). We nevertheless exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]), and we conclude that the court's use of the phrase "potentially aids" rather than "intentionally aids" significantly prejudiced defendant, who was alleged to have aided and abetted the principal by driving him to and from the crime scene.
Based on the two errors referenced above, we reverse the judgment and grant defendant a new trial. In light of our determination, we do not address defendant's remaining contentions.
Entered: April 29, 2022
Ann Dillon Flynn
Clerk of the Court